**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID SCHEURICH,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 3:16-cv-0876-NJR** |
| | **)** | |
| **UNITED STATES MARSHALS,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David Scheurich is currently incarcerated at the Vandalia Correctional Center in Vandalia, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Scheurich has filed a complaint against the United States Marshals, alleging that the Marshals Service violated his rights under the Federal Extradition Act and the United States Constitution when they transported him from Arkansas to Illinois without abiding by the procedural requirements for extradition. (*Id.* at 5-6.) Scheurich seeks relief "of a judgment in the amount of $100,000." (*Id.* at 7.)

This matter is now before the Court for a review of Scheurich's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

## Background

According to Scheurich's complaint, Scheurich was being held by Arkansas authorities in July 2015 concerning a driving while intoxicated charge in Illinois—the Illinois authorities had

decided to extradite Scheurich from Arkansas to Illinois on that charge, and the paperwork to allow the extradition was a work in progress. (Doc. 1 at 5.) On July 28, 2015, Scheurich appeared before Judge Lance Wright, an Arkansas state judge, concerning his extradition to Illinois. (*Id.*) Because the procedural niceties for extradition had not been finished, Scheurich's appointed public defender asked Judge Wright to clearly indicate that Illinois authorities could not just "show up and take [Scheurich]," and Judge Wright said as much on the record. (*Id.*) Eight days later, two United States Marshals arrived at the Arkansas jail where Scheurich was being held, removed him from the state facility, and transported him back to Illinois authorities—all despite Scheurich's statements to the officers that extradition was not proper at that time. (*Id.* at 5-6.) Scheurich arrived in Champaign, Illinois, on August 7, 2015. (*Id.*) A little under two years after he was extradited, Scheurich filed suit in this Court. (*Id.* at 1.)

**Discussion**

Scheurich's complaint raises a straightforward claim: he says that his constitutional rights and his rights under the Federal Extradition Act, 18 U.S.C. § 3182, were violated when he was transported from Arkansas to Illinois without extradition properly lined up. It is a bit unclear from Scheurich's complaint whether he is attempting to sue the United States Marshals Service as an agency or if he is trying to sue the two officers who transported him individually, but given that he only lists the "U.S. Marshals" as the defendant in his caption and in his list of defendants, the Court must construe the complaint as being directed at the United States Marshals Service as an entity. While Scheurich hints in his narrative that he wants the assistance of the Court to identify specific parties to add them to the case later, he has not named any individuals in the caption of his suit or his list of defendants (either by name or by John Doe placeholder), and

Scheurich's list controls even in *pro se* cases. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

When Scheurich's complaint is construed as one directed at the United States Marshals Service as a whole, it must be dismissed on sovereign immunity grounds. The United States Marshals Service is an agency of the United States, *Gary v. Gardner*, 445 F. App'x 465, 466 (3d Cir. 2011), and absent a waiver, the United States and its agencies enjoy sovereign immunity from money damages suits. *Michigan v. United States Army Corps of Eng'rs*, 667 F.3d 765, 774 (7th Cir. 2011). The United States has not waived its immunity for generalized constitutional claims against itself or its agencies, *Partain v. Isgur*, 390 F. App'x 326, 329 (5th Cir. 2010), nor is there anything in the Federal Extradition Act to suggest that the United States has waived its immunity for claims raised under that statute—and the presumption, of course, is against a waiver. *E.g.*, *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Van Wyhe v. Reisch*, 581 F.3d 639, 653-54 (8th Cir. 2009). It is true that the United States has waived its sovereign immunity for negligence suits filed under the Federal Tort Claims Act, but even if Scheurich's complaint could be construed to assert a negligence theory related to the officers' conduct, a litigant who wishes to bring a suit under the Federal Tort Claims Act must exhaust his administrative remedies with the United States before filing his federal complaint, and Scheurich has not alleged that he has done anything to exhaust here. *See*, *e.g.*, *Tritz v. United States Postal Service*, 721 F.3d 1133, 1140 (9th Cir. 2013); *White v. St. Joseph's Hospital*, 369 F. App'x 225, 227 (2d Cir. 2010).

Because Scheurich's complaint has immunity and exhaustion-related defects, it is subject to dismissal. The question remains whether the complaint should be dismissed with prejudice or without prejudice. If a case has potential merit, the federal courts typically provide a litigant with one chance to salvage his suit by filing an amended complaint, especially when the litigant is

proceeding without the help of a lawyer. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). There is a chance that Scheurich's case could still have some merit, and for that reason the Court will give him one opportunity to amend. If his allegations are accepted as true and he did exhaust his remedies with the United States prior to suit, he might be able to sue the United States pursuant to the Federal Tort Claims Act, as long as he asserts exhaustion and puts forth a negligence claim. In addition, Scheurich could possibly sue the two officers who allegedly transported him to Illinois from Arkansas on the theory that the officers individually violated his constitutional and statutory rights, in the vein of the sort of claim recognized as viable by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If Scheurich does not know the names of the two officers who transported him, he can still name them as defendants by designating them as "John Doe 1" and "John Doe 2" in the caption of his amended complaint, and by alleging in his narrative that John Doe 1 and John Doe 2 were the officers who moved him. Scheurich should include as much information as he can about those officers so that they can be identified at a later date, presuming his amended complaint proceeds past threshold review under 28 U.S.C. § 1915A.

One closing note is in order concerning a motion Scheurich filed with his initial complaint—Scheurich has asked the Court to recruit him counsel to assist him with his civil rights case. The Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, but counsel is only proper when the "difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). This case is not so difficult as to necessitate counsel, especially at this early juncture. *See Westbrook v. Boy Scouts of America*, 560 F. App'x 574, 577-78 (7th Cir. 2014); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). In his

motion for counsel, Scheurich states that he has completed some college, and his complaint, while subject to dismissal for now, was coherent. Once more, all that is required at this stage is for Scheurich to include some factual content as to his efforts to exhaust under the Federal Tort Claims Act if he wishes to go forward against the United States, or to name as defendants the individuals who extradited him from Arkansas to Illinois if he wishes to go forward with a *Bivens*-style suit against them. Because counsel is not warranted at this point, the motion must be denied for now. The Court remains open to appointing counsel for Scheurich if he files an amended complaint that passes threshold review and his case progresses further.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Scheurich's complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **November 30 2016**). It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 16-cv-876-NJR. The amended complaint should specify each defendant that Plaintiff claims is liable, and it should lay out what actions that each defendant did to violate Plaintiff's constitutional or statutory rights.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must

also re-file any exhibits he wishes the Court to consider along with the amended complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for status (Doc. 8) is **GRANTED**. This order suffices to update Plaintiff concerning the status of his case.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 2, 2016**

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**