IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCHEURICH, ) | |
| No. M-53661 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-876-JPG |
| vs. ) | |
| ) | |
| JOHN DOE, 1, ) | |
| JOHN DOE, 2, ) | |
| | |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff David Scheurich, an inmate at Southwestern Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that his interstate extradition from Arkansas to Illinois was premature in that it failed to comply with applicable procedural requirements. Plaintiff seeks monetary damages from John Doe 1 and John Doe 2 (the unidentified individuals that transported Plaintiff from Arkansas to Illinois).

This case is now before the Court for a preliminary review of the First Amended Complaint[1] pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] Plaintiff filed his Original Complaint on August 4, 2016. (Doc. 1). The only Defendant identified in Plaintiff's Original Complaint was the "United States Marshals." *Id.* In evaluating the Original Complaint, the Court could not discern whether Plaintiff was attempting to sue the United States Marshals Service as an agency of if he was attempting to sue the two officers who transported him individually. (Doc. 9, p. 2). Because the identified defendant was the "U.S. Marshals," the Court construed the Complaint as being directed at the United States Marshals Service as an entity. *Id.* Accordingly, the Complaint was dismissed on sovereign immunity grounds. (Doc. 1, p. 3). However, the dismissal was without prejudice and Plaintiff was granted leave to file an amended complaint:

> There is a chance that Scheurich's case could still have some merit, and for that reason the Court will give him one opportunity to amend. If his allegations are accepted as true and he did exhaust his remedies with the United States prior to suit, he might be able to sue the United States pursuant

1

>    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

to the Federal Tort Claims Act, as long as he asserts exhaustion and puts forth a negligence claim. In addition, Scheurich could possibly sue the two officers who allegedly transported him to Illinois from Arkansas on the theory that the officers individually violated his constitutional and statutory rights, in the vein of the sort of claim recognized as viable by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If Scheurich does not know the names of the two officers who transported him, he can still name them as defendants by designating them as "John Doe 1" and "John Doe 2" in the caption of his amended complaint, and by alleging in his narrative that John Doe 1 and John Doe 2 were the officers who moved him.

(Doc. 9, p.4). Plaintiff's Amended Complaint makes clear that he is attempting to sue the officers involved in his transport in their individual capacities. Additionally, the Amended Complaint indicates that the officers were actually employed by a private entity hired by the Champaign County Sheriff's Office (not federal officials). Accordingly, the Court interprets Plaintiff's Amended Complaint as an attempt to bring a § 1983 claim against state actors as opposed to an attempt to bring a *Bivens*-type claim against federal officials.

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## Background[2]

On May 2, 2014, in Champaign County Circuit Court Case Number 14-CF-52, Plaintiff entered a plea of guilty to the offense of aggravated DUI in violation of Section 11-501(a) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)), a felony under Illinois law. Plaintiff was released and ordered to appear for sentencing on July 7, 2014. Plaintiff failed to appear at his sentencing and was sentenced in absentia to 7 years imprisonment in the Illinois Department of Corrections.

As is described in the Amended Complaint, Plaintiff was subsequently detained by authorities in Arkansas and extradited to Illinois in relation to his conviction and sentence in Case Number 14-CF-52. On August 10, 2015, Plaintiff appeared in Champaign County Circuit Court and was advised of the sentence imposed in absentia. Plaintiff was remanded to the custody of the Sheriff for transportation to the Department of Corrections and is presently incarcerated at the Southwestern Correctional Center, serving the 7 year sentence imposed in Case Number 14-CF-52.

---

[2] The Court obtained this information from the Illinois Department of Corrections' website at https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx and the Champaign County Circuit Clerk's website at http://www.cccircuitclerk.com/. The court may take judicial notice of matters of public record in ruling on a motion under Rule 12(b)(6). *See Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1096 n.1 (7th Cir. 2015); *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Because the same standards govern the review of a prisoner's complaint under 28 U.S.C. § 1915A to determine whether it states a claim upon which relief may be granted, *see Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000), the court presumably may do so here.

**The Amended Complaint**

In June 2015, for reasons not specified in the Amended Complaint, Plaintiff was detained by Arkansas authorities.[3] The State of Illinois sought to extradite Plaintiff in relation to his prior conviction and sentence in Champaign County for aggravated DUI. (Doc. 10, pp. 13-18). Plaintiff refused to waive extradition and, on July 28, 2015, Plaintiff appeared before Judge Lance Wright, an Arkansas state judge, concerning the same. (Doc. 10, pp. 6, 13-18). It appears that, at the time of the hearing, the State of Illinois had submitted paperwork to the Governor of Arkansas regarding Plaintiff's extradition. (Doc. 10, pp. 13-15). However, the paperwork had not been signed by the Governor of Arkansas. *Id*.

Judge Wright heard argument from the parties regarding the procedural requirements for interstate extradition (or rendition). (Doc. 10, pp. 13-18). Specifically, the parties addressed the requirements imposed by federal statute, 18 U.S.C. § 3182, and by Arkansas' Uniform Criminal Extradition Act.[4] *Id*. Judge Wright concluded that the applicable extradition procedures (established by 18 U.S.C. § 3182 and Arkansas' Uniform Criminal Extradition Act) had been initiated by Illinois but were not yet completed. (Doc. 10, p. 16). Accordingly, Judge Wright scheduled an additional hearing for August 11, 2015, presumably to allow authorities time to comply with the remaining procedural requirements. (Doc. 10, pp. 6,16). At the close of the July 28, 2015 hearing, Plaintiff's appointed public defender asked Judge Wright to clearly indicate

---

[3] (*See* Doc. 10, p. 13) (transcript of Court hearing noting that as of July 22, 2014, Plaintiff had been in custody with Arkansas authorities for 30 days).

[4] The Constitution imposes on the states an obligation, when a fugitive from justice is located within its borders, to extradite that fugitive to the state from which he is fleeing, upon a proper demand from that state. U.S. Const., Art. 4, § 2, cl. 2. This constitutional provision is implemented by federal statute, 18 U.S.C. § 3182, and by the various states that have adopted the Uniform Criminal Extradition Act. Arkansas has adopted the Uniform Criminal Extradition Act. Ark.Stat.Ann. ss 43-3001-3030 (Repl.1977). The Arkansas statute is "essentially the same as the provisions of 18 United States Code s 3182." *Smith v. Cauthron*, 631 S.W.2d 10, 11 (Ark. 1982).

that Illinois authorities could not just "show up and take [Scheurich]," and Judge Wright said as much on the record. (Doc. 10, p. 17).

Prior to the hearing scheduled for August 11, 2015, two unidentified individuals (Doe 1 and Doe 2 or, collectively, "Transporting Officers") arrived at the Arkansas jail where Plaintiff was being held, removed him from the state facility, and transported him back to Illinois authorities—all despite Plaintiff's statements to the Transporting Officers that extradition was not proper at that time. (Doc. 10, pp. 6-7).

According to the Amended Complaint, officers at the Arkansas jail stated that the Transporting Officers "were there representing Illinois." (Doc. 10, p. 7). The Amended Complaint and attached exhibits further indicate that the Transporting Officers were employed by Security Transport Services Inc. (hereinafter, "Security Transport"). (Doc. 10, pp. 1-2, 26-27). Security Transport appears to be a private corporation, located in Topeka, Kansas that was hired by the Champaign County Sheriff's Office to transport Plaintiff from Arkansas to Illinois. *Id.*

Plaintiff arrived in Champaign, Illinois, on August 7, 2015. (Doc. 10, p. 7). A little under two years after he was extradited, Plaintiff filed suit in this Court. (Doc. 1, p. 1). In his Amended Complaint, Plaintiff alleges he was transported across state lines before authorities were in full compliance with applicable extradition procedures. As such, Plaintiff seeks monetary damages from the Transporting Officers for improper extradition and for being "accomplices to kidnapping." (Doc. 10, pp. 8-10).

**Discussion**[5]

The Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 –** 1983 improper extradition claim for transporting Plaintiff across state lines before extradition procedures were completed.
>
> **Count 2 –** 1983 false imprisonment claim for transporting Plaintiff across state lines before extradition procedures were completed.
>
> **Count 3 –** State law false imprisonment claim for transporting Plaintiff across state lines before extradition procedures were completed.

For the reasons discussed below, relief is not available to Plaintiff under § 1983 at this time and Counts 1, 2 and 3 shall be dismissed. The dismissal of these claims shall be without prejudice to any subsequent state or federal claim Plaintiff wishes to pursue.

**Count 1**

The Seventh Circuit has long recognized that "a complaint which charges abuse of the extradition power by noncompliance with applicable law states a cause of action under 42 U.S.C. § 1983." *McBride v. Soos*, 594 F.2d 610, 613 (7th Cir. 1979). However, the Seventh Circuit has also held that such actions are subject to the holding announced in *Heck v. Humphrey*, 512 U.S.

---

[5] In conducting its analysis, the Court assumes without deciding that the Transporting Officers are state actors for purposes of § 1983. The Amended Complaint indicates that the Transporting Officers are employed by Transport Services, a private entity. The Seventh Circuit has explained that "a private party will be deemed to have acted under 'color of state law' when the state either (1) effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision; or (2) delegates a public function to a private entity." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (quotation marks omitted). At this stage of the litigation, the Court gives Plaintiff the benefit of the doubt and presumes that the Transporting Officers are state actors. That being said, even assuming the Transporting Officers are state actors, Plaintiff's § 1983 claims are subject to dismissal as *Heck*-barred.

477 (1994). *See Knowlin v. Thompson,* 207 F.3d 907 (7th Cir. 2000). *Heck* holds that if a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence, a civil rights complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87.

In *Knowlin*, a Wisconsin prisoner sued Arkansas officials under § 1983 for violating the Arkansas Uniform Criminal Extradition Act by delivering him to Wisconsin authorities before a hearing could be held on his habeas petition. The district court dismissed the suit as *Heck*-barred. *Id.* at 908. The Seventh Circuit affirmed. *Id.* at 908-09.

In rendering its opinion, the Appellate Court analogized the subject § 1983 claim to the tort of malicious prosecution. *Id.* Considering the similarities, the Seventh Circuit reasoned that Knowlin could not "prevail in his claim based on the denial of an opportunity to test the facial validity of the extradition demand through proper procedures." *Id.* at 909. That is, "Knowlin [would have] to prove that he suffered some deprivation of liberty greater than that which he would have suffered through extradition in full compliance with the UCEA. That showing, in turn, would necessarily imply the invalidity of his Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit. *Heck* therefore bars the instant suit." *Id.*

In the instant case, Plaintiff's conviction remains intact, and thus, as in *Knowlin*, a successful suit would necessarily imply that the Illinois criminal judgment for which he was extradited was invalid. Accordingly, Plaintiff's claims arising from the extradition proceedings are *Heck*-barred and shall be dismissed without prejudice. *Knowlin*, 207 F.3d at 908-909. *See also Campbell v. Sheahan*, 234 F.3d 1272 (7th Cir. 2000).

**Counts 2 and 3 (False Imprisonment Claims)**

Plaintiff also contends that, because he was extradited prior to the completion of certain procedural requirements, the Transporting Officers "became accomplices of kidnapping." (Doc. 10, p. 9). Reading Plaintiff's Amended Complaint liberally, the Court interprets this as an attempt to bring a claim for false imprisonment.[6] Plaintiff's false imprisonment claim is premised on the same facts that support his improper extradition claim. Accordingly, to the extent that Plaintiff intended to bring a § 1983 claim for false imprisonment, any such claim is also subject to dismissal without prejudice as *Heck*-barred.

To the extent that Plaintiff is attempting to bring a state law claim for false imprisonment and in light of the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c). "[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial. Indeed the presumption counsels that the better practice is for district courts to state explicitly their reasons for taking the opposite course." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). In keeping with this practice, Count 3 shall be dismissed without prejudice from this action.

**Pending Motions**

Plaintiff has filed two Motions for Status (Doc. 11 and Doc. 12). In light of this Order, both Motions shall be **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. This includes **COUNT 1** and **COUNT 2,** which are **DISMISSED** without prejudice as being *Heck-*

---

[6] To the extent that Plaintiff intended to obtain relief for the crime of kidnapping, such a claim is not cognizable in a § 1983 action.

barred and because it they are legally frivolous, and **COUNT 3**, which is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over this state tort claim under 28 U.S.C. § 1367(c). The dismissal of these claims does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997)

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot

be extended.

    The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

    **DATED: March 28, 2017**

<u>*s/J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**United States District Judge**
